IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ELBA MOYA,

    Plaintiff,

vs.

JETBLUE AIRWAYS CORPORATION,
a Foreign Corporation,

    Defendant.
_____/

## COMPLAINT FOR DAMAGES

Plaintiff, ELBA MOYA, sues Defendant JETBLUE AIRWAYS CORPORATION, and shows:

### Introduction

1. This is an action by ELBA MOYA against her former employer for unpaid overtime and retaliation pursuant to the Fair Labor Standards Act. Plaintiff seeks damages and a reasonable attorney's fee.

### Jurisdiction

2. This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 207 and 215. The Court has jurisdiction over the claims pursuant to 29 U.S.C. § 216(b).

3. The claim arose within the Southern District of Florida, which is where venue is proper.

### Parties and General Allegations

4. Plaintiff, ELBA MOYA, (hereinafter "MOYA") a resident of Broward County, was at all times material, employed by JETBLUE AIRWAYS CORPORATION as customer service agent, was an employee as defined by 29 U.S.C. § 203(e), and during her employment

with JETBLUE AIRWAYS CORPORATION, was engaged in commerce or in the production of goods for commerce.

5. Defendant, JETBLUE AIRWAYS CORPORATION, (hereinafter, "JETBLUE"), is a foreign corporation doing business in Broward County, Florida, and is an enterprise engaged in an industry affecting commerce, is an employer as defined by 29 U.S.C. §§ 203(d) and (s)(1), which has employees subject to the provisions of the FLSA, 29 U.S.C. §§ 207, 215, in the offices where MOYA was employed.

### Count I – Violation of FLSA by Defendant JETBLUE – Overtime

6. Plaintiff, ELBA MOYA, realleges, as if fully set forth in Count I, the allegations of Paragraphs 1 through 5 above.

7. Since on or about September 2010 up to and including March 2013, Defendant JETBLUE has willfully violated the provisions of §7 of the Act [29 U.S.C. §207] by employing employees engaged in commerce for workweeks longer than 40 hours without compensating them for their employment in excess of 40 hours at rates not less than one and one-half times the regular rates at which they were employed: specifically MOYA, since September 2010 has worked in excess of 40 hours many weeks of her employment, and was not compensated for the work in excess of 40 hours at a rate not less than one and one-half times the regular rate at which she was employed.

8. The failure to pay overtime compensation to MOYA is unlawful in that she was not exempted from the overtime pursuant to the provisions of 29 U.S.C. §213(b)(3) in that she performed non-exempt duties more than 20% of the time that she was worked during most workweeks that she was employed.

9. JETBLUE's actions were willful and purposeful as it was well aware of the Fair Labor Standards Act and MOYA's status as non-exempt, but chose not to pay her in accordance with the Act.

10. MOYA is entitled pursuant to 29 U.S.C. § 216(b), to recover from JETBLUE:

   a. All unpaid overtime that is due;

   b. As liquidated damages, an amount equal to the unpaid overtime owed;

   c. The costs of this action, and;

   d. A reasonable attorney's fee.

WHEREFORE, Plaintiff, ELBA MOYA, prays that this court will grant judgment against defendant JETBLUE:

   a. awarding MOYA payment of overtime compensation found by the court to be due to her under the Act, including pre-judgment interest;

   b. awarding MOYA an additional equal amount as liquidated damages;

   c. awarding MOYA her costs, including a reasonable attorney's fee; and

   d. granting such other and further relief as is just.

### Count II –Violation of FLSA by JETBLUE -- Retaliation

11. Plaintiff realleges, as if fully set forth in Count II, the allegations of Paragraphs 1 through 10, above.

12. Plaintiff, at several times during the course of her employment with JETBLUE, complained about the amount of hours that she was required to work, as well as the manner in which she was being compensated. Specifically, Plaintiff made her complaints well-known to JETBLUE that she was not being compensated correctly for overtime.

13. Plaintiff's verbal complaints regarding improper compensation were well known throughout the company, or at the very least, by both Plaintiff's superiors and co-workers alike.

14. As a result of Plaintiff's complaints about not receiving overtime, JETBLUE discharged Plaintiff from her employment.

15. JETBLUE's reasons for Plaintiff's discharge were pre-textual.

16. JETBLUE's actions as more particularly described above were directly related to and in response to Plaintiff's various complaints about improper overtime compensation, since there was no other justifiable reason for JETBLUE's adverse action.

17. Plaintiff's actions as described above constitute statutorily protected conduct under Section 15(a)(3) of the FLSA.

18. JETBLUE's adverse treatment of Plaintiff was pre-textual and a direct result of her actions described above.

19. Defendant's conduct more specifically alleged above violated Plaintiff's rights against retaliation for opposing unlawful employment actions, which retaliation is proscribed by the FLSA.

20. Plaintiff is entitled pursuant to 29 U.S.C. § 216(b), to recover from JETBLUE:

    a. All lost wages that are due, including pre-judgment interest;

    b. As liquidated damages, an amount equal to lost wages

    c. The costs of this action, and;

    d. A reasonable attorney's fee.

WHEREFORE, Plaintiff prays that this court will grant judgment against JETBLUE:

    a. awarding Plaintiff all lost wages found by the court to be due to her, including pre-judgment interest;

    b. awarding Plaintiff payment of liquidated damages in an amount equal to the lost wages due to her;

    c. awarding Plaintiff her costs, including a reasonable attorney's fee; and

      d.    granting such other and further relief as is just.

## Jury Demand

Plaintiff demands trial by jury by all issues so triable.

Dated: August 22, 2013
Plantation, Florida

Respectfully submitted,

s/Robert S. Norell
Robert S. Norell  (Fla. Bar No. 996777)
E-Mail: rob@floridawagelaw.com
ROBERT S. NORELL, P.A.
300 N.W. 70th Avenue
Suite 305
Plantation, FL 33317
Telephone: (954) 617-6017
Facsimile: (954) 617-6018
Counsel for ELBA MOYA